## J. P. VANCE v. D. B. HARTZELL.

(No. 3884.)

APPEAL from Navarro County. Opinion by DAVIDSON, J.

CROFT & CROFT, counsel for appellant.

MCCLELLAN & PRINCE, counsel for appellee.

§ 282. *Contract; allegations held sufficient to show an executed.* This was a contract entered into between the parties in regard to the sale and purchase of a tombstone; appellee having executed his note for the price of same, and the same had been purchased and transported from

Italy, and was to be erected in a certain grave-yard named in the contract. After appellant, in pursuance of the contract, had ordered the tombstone, appellee came to him, and notified him that his brother had bought another tombstone, and wanted appellant to release him from the contract. This appellant declined to do, on the ground that he had already purchased the monument, and all that was left to be done to complete the contract was to letter and engrave it on its arrival. The parties then agreed that appellee would take the tombstone when it arrived, and try and sell it, and that appellant should on its arrival put it up in his marble-yard, instead of the grave-yard, and not put any lettering or engraving on it, but hold it in his marble-yard as the property of and subject to the orders and sale of appellee; in which event, that is, upon its being brought over and put up in the marble-yard, appellee was to be liable for the amount due upon the original contract. The monument arrived, and appellant erected it, as he obligated he would do, in his marble-yard. Appellee refused to pay the note, and appellant sued him upon it. In his supplemental petition appellant set up all the facts as above stated. Appellee excepted to the sufficiency of the amended petition, upon the ground that it showed an executory contract, and a suit upon an executory contract, and the court sustained the exception, and dismissed the supplemental petition, and gave judgment in favor of appellee. This was error. The contract was not an executory contract, but an executed one, whenever it was shown that appellant, as was alleged in the petition, had complied with his contract, and that nothing else remained to be done by him to complete its execution. The judgment is reversed and the cause remanded.

December 22, 1891.        Reversed and remanded.